IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DEANNA K. HORN,                )
                               )
            Plaintiff,         )
                               )
v.                             )    No. CIV-06-554-L
                               )
MICHAEL J. ASTRUE,             )
Commissioner, Social Security  )
Administration,                )
                               )
            Defendant.         )

# **O R D E R**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits under the Social Security Act. Pursuant to 28 U.S.C. § 636(b), this matter was referred to the Honorable Bana Roberts for initial decision. On March 30, 2007, Judge Roberts issued her Report and Recommendation recommending that the Commissioner's decision be affirmed.

This matter is before the court on plaintiff's timely filed objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In her objections, plaintiff contends the Report does not adequately consider her argument that the Administrative Law Judge ("ALJ") failed to make the requisite findings at Step Three of the sequential analysis.

The court's review of the Commissioner's decision is limited to determining "whether it is supported by substantial evidence and whether the [Commissioner] applied the correct legal standard." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). In making this determination, the court must closely examine the record as whole. *See* Andrade v. Secretary of Health and Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' In addition to a lack of substantial evidence, the [Commissioner's] failure to apply the correct legal standards, or to show us that she has done so, are also grounds for reversal." Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996) (citations omitted).

In accordance with the governing standards, the court has reviewed the Report and Recommendation, plaintiff's objections thereto and the case file. On appeal to this court, plaintiff challenges the Report's conclusion that the ALJ's failure to fully explain his Step Three decision was harmless error. Plaintiff claims the ALJ did not make a specific finding regarding whether plaintiff could "ambulate effectively" as defined by the regulations. She argues the Report made "the missing finding on behalf of the ALJ based on post-hoc rationalizations." Horn's Objections to the Magistrate's Report and Recommendation at 3. The court disagrees. As Judge Roberts noted, the medical evidence of record indicates plaintiff's ability to walk with only a slight limp. The ALJ's discussion of this evidence, together with his credibility finding, supports the conclusion that plaintiff's impairments do not equal

the listing for major dysfunction of a joint. As the reasons for the ALJ's conclusion are "apparent from the ALJ's decision itself", Haga v. Astrue, __ F.3d __, 2007 WL 970157 (10th Cir. Apr. 3, 2007), Judge Roberts did not engage in post-hoc rationalization. In addition, the ALJ's finding that plaintiff's daily activities are consistent with her ability to perform sedentary work, which is supported by substantial evidence, offers further proof that the ALJ's failure of specificity at Step Three constitutes harmless error. As plaintiff can perform past relevant work, the ALJ correctly found her not disabled at Step Four of the sequential process. Remanding for a more thorough analysis at Step Three is not warranted. *See* Fischer-Ross v. Barnhart, 31 F.3d 729, 734 (10th Cir. 2005). This is not a case where the Commissioner's decision "is overwhelmed by other evidence in the record or where there is a mere scintilla of evidence supporting it." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988).

In sum, the Report and Recommendation is approved and adopted in its entirety. The Commissioner's decision is therefore AFFIRMED. Judgment will issue accordingly.

It is so ordered this 8th day of May, 2007.

_/s/ Tim Leonard_
TIM LEONARD
United States District Judge